John W. GIBSON

v.

COCA–COLA BOTTLING COMPANY, Incorporated;

American Mutual Liability Insurance Company, Intervenor.

Civ. A. No. 1291.

United States District Court
S. D. Mississippi, S. D.

July 23, 1956.

Donald W. Cumbest, Pascagoula, Miss., W. C. Rodgers, Memphis, Tenn., for plaintiff.

Stanford E. Morse, Morse & Morse, Gulfport, Miss., Dan T. McCall, Jr., Mobile, Ala., for defendant.

Merle F. Palmer, Pascagoula, Miss., for intervenor.

Benjamin C. DAWKINS, Jr., Chief Judge.

Plaintiff sued defendant in this Court for tort damages. His employer's workmen's compensation insurer, American Mutual Liability Insurance Company, intervened in the suit to recover benefits paid to or for plaintiff, under the Mississippi Workmen's Compensation Statute Code 1942, § 6998–01 et seq., totaling $5,996.08.

The jury awarded plaintiff $25,000, in a verdict returned on June 13, 1953. Court costs totaled $168.46.

No appeal was taken, and on July 23, 1953, Mr. Dan T. McCall, one of defendant's attorneys, mailed to the Deputy Clerk at Biloxi a draft in the sum of $25,168.46, made by United States Casualty Company, defendant's liability insurer, in payment of the judgment on the verdict.

On July 27, 1953, one of plaintiff's counsel, Mr. Donald W. Cumbest, wrote a letter to Honorable Sidney C. Mize, United States District Judge, who had presided at the trial, in the following words and figures:

"Donald W. Cumbest
"Attorney-at-Law
"Courthouse Building : :
Office Phone 1453
"Pascagoula, Mississippi
"July 27, 1953

"Hon. Sidney C. Mize
"Judge U. S. District Court
"Gulfport, Mississippi

"Re: John W. Gibson v. Coca Cola Bottling Co.

"Dear Judge Mize:

"I have re-written the order in the above styled cause and herewith submit same for your approval.

"The total amount due the intervenor, who is represented by Mr. Merle Palmer, is $5,996.08. However, Mr. Palmer agreed to pay us ths sum of $300.00 for maintaining the suit. You will note that the $300.00 was to be paid to the plaintiff by the intervenor and has been deducted from the sum due said intervenor, leaving a balance due said intervenor in the sum of $5,696.08.

"You will also note that I am asking that the balance due the plaintiff be made payable to the plaintiff and myself. I did not include Mr. W. C. Rodgers, my associate in this case, in the order, for the reason he called me last night and asked me to do this in order that he would not have to come down here and sign the draft. He just asked me to send his division of the fee.

"Again thanking you for your cooperation in this matter and with kindest regards and best wishes, I remain,

"Sincerely yours,
"/s/ Donald W. Cumbest
"Donald W. Cumbest
"DWC/ek
enclosure"

On the next day, July 28, 1953, Judge Mize signed the order apparently referred to in the letter, reading as follows:

"Order Disbursing Payment to Plaintiff and Intervenor

"This cause came on for hearing on motion of plaintiff to disburse the proceeds of the draft issued by the United States Casualty Company in the amount of $25,168.46 representing satisfaction of the judgment in the above styled cause.

"It appearing to the court that the intervenor, American Mutual Liability Insurance Company, would be entitled to the sum of $5,996.08, the amount the intervenor sued for in their petition with the balance of $19,172.38 to the plaintiff. However, the intervenor, American Mutual Liability Insurance Company, is willing to allow plaintiff the sum of $300.00 as cost for collection. Hence, the sum of $5,696.08 is to be paid to the intervenor, American Mutual Liability Insurance Company, after deducting the said $300.00 from the total amount due them in the sum of $5,996.08 and the plaintiff to receive the sum of $19,472.38 which includes the sum of $300.00 granted by the intervenor as above mentioned.

"By agreement of counsel for plaintiff and intervenor it is agreed the sum of $300.00 is a fair and reasonable cost of collection in this suit and after said deduction the intervenor is to receive the sum of $5,-696.08.

"It further appearing that intervenor assigns plaintiff any interest that said intervenor is entitled.

"It is therefore ordered, adjudged and decreed that the intervenor, American Mutual Liability Insurance Company and Merle F. Palmer, their attorney, is to be paid the sum of $5,696.08 and the balance of $19,-472.38 to be paid to the plaintiff, John W. Gibson, and his attorney, Donald W. Cumbest. * * * "

On July 29, 1953, the Clerk, Miss Loryce E. Wharton, deposited the draft for $25,168.46 in the "Registry Fund of Court" account at the First National Bank, Jackson, Mississippi. Evidently the draft was paid a few days later. On August 3, 1953, Miss Wharton issued checks, in exact accordance with Mr. Cumbest's letter and the order of July 28, 1953, as follows:

1. No. 5136, dated August 3rd, 1953, payable to the order of American Mutual Liability Insurance Company and Merle F. Palmer, their attorney, in the sum of $5,696.08.

2. No. 5137, dated August 3rd, 1953, payable to the order of John W. Gibson and his attorney, Donald W. Cumbest, in the sum of $19,-472.38.

These checks were transmitted to the respective attorneys, who also were sent copies of the Clerk's transmittal letters, on August 3, 1953. The checks were accepted as being correct in all respects, and were cashed by the payees.

Nearly thirty-two months later, on March 26, 1956, Mr. Cumbest filed a "Motion for Allowance of Attorney's Fee", wherein it is alleged that he and his associate counsel, Mr. W. C. Rogers, are entitled under Mississippi law to an attorney's fee, to be paid by intervenor, of one-third of the amount recovered by intervenor in the judgment, or approximately $1,900. They pray for a decree to that effect. In an amended motion, filed on June 19, 1956, Mr. Cumbest alleges that he and Mr. Rogers had no prior knowledge of the provision in the decree of July 28, 1953, for the allowance of $300 to plaintiff "* * * for cost of collection for the sum collected by Movants for the Defendants * * *" (in

motion); and denies that there was any agreement "* * * between counsel and intervenor * * *" * * * "* * * that the sum of $300.00 was a fair and reasonable cost of collection * * *"; * * * "* * * that evidently there was a misrepresentation to the Court or at least the Court was not fully apprised of the Movant's rights under the Mississippi Workmen's Compensation Law, inasmuch as same allowed a reasonable attorney's fee for collecting for Intervenor and Defendants herein". No express allegations of fraud, misrepresentation or mistake are made in the motion.

Movants rely on provisions of the Mississippi Workmen's Compensation Law, Title 25, Chapter 4, Paragraph 6998–36 of the Mississippi Code of 1942, reading as follows:

"The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein. If such employer or insurer join in such action they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (*after deducting the reasonable costs of collection*) as hereinafter provided.

"The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party

shall be applied as follows: *Reasonable costs of collection as approved and allowed by the court in which such action is pending*, or by the commission of this state in case of settlement without suit, *shall be deducted*; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer, and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit against the third party must notify the employer or carrier within fifteen days of the filing of such suit.

"An employer or compensation insurer who shall have paid compensation benefits under this act for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death, and in the name of such injured employee or his beneficiaries, or in the name of such employer or insurer, or any or all of them. If reasonable notice and opportunity to be represented in such action by counsel shall have been given to the compensation beneficiary, all claims of such compensation beneficiary shall be determined in such action, as well as the claim of the employer or insurer. If recovery shall be had against such other party, by suit or otherwise, the compensation beneficiary shall be entitled to any amount recovered over and above the amount that the employer and insurer shall have paid or are liable for in compensation or other benefits, *after deducting the reasonable costs of collection.*" (Emphasis supplied.)

Intervenor opposes the motion for allowance of attorney's fees. It pleads that the decree of July 28, 1953, accurately represented the true agreement of counsel and is *res adjudicata*. It also relies upon the one-year period of limitation provided by Rule 60(b), Fed.Rules Civ.Proc., 28 U.S.C.A., for seeking to be relieved from the terms of a judgment, order or decree.

As will be noted, the Mississippi Workmen's Compensation Statute does not make any express provision for attorney's fees in a case of this kind; and the Mississippi Supreme Court has never had occasion to pass on the question of whether the term "reasonable costs of collection", as used in the Statute, means or includes "attorney's fees", as here sought to be allowed. We find it unnecessary, however, to decide that point, for even if movants are right in their contention that attorney's fees are meant to be covered by the Statute, still they cannot prevail in their motion, for the reasons hereafter briefly stated.

Movants cite a large number of Mississippi cases where orders or judgments were set aside on grounds of fraud, misrepresentation, lack of notice or mutual mistake of fact. In our opinion these cases are not applicable here because 1) the motion under consideration does not expressly allege fraud, misrepresentation or mistake, and 2) even if such allegations were made, Mr. Cumbest's letter to Judge Mize on July 27, 1953, quoted above in full, conclusively proves *he and Mr. Rogers did know* that the decree would provide for $300 to be deducted from intervenor's award and paid to plaintiff as "costs of collection". His letter stated, "However, Mr. Palmer agreed to pay us the sum of $300.00 *for maintaining the suit.*" This could mean nothing else but "attorney's fees". Having agreed to accept, and having accepted, the $300 "for maintaining the suit" or for "costs of collection", they cannot be heard now to contend otherwise. Movants obviously are mistaken in their allegations. Their memories simply have failed them on this point.

Moreover, Rule 60(b) clearly provides that a motion to be relieved from a final decree, on grounds of mistake, misrepresentation, fraud, etc., " * * * shall be made within a reasonable time, and * * * *not more than one year* after the * * * order * * *

was entered or taken." Since this motion, wherein "misrepresentation" is alleged only in a lefthanded, unconvincing sort of way, in practical effect is one to be relieved from the decree of July 28, 1953, and was not filed until March 26, 1956, well beyond the one-year period allowed by the Rule, it comes much too late.

For these reasons, the motion for allowance of an attorney's fee is Denied.